UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR DE LA RENTA, LTD., | |
| Plaintiff, | 08 CIV 5785 (DLC) |
| -against- | ECF CASE |
| ELIZABETH ARDEN, INC., d/b/a "EA FRAGRANCES CO.," | |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ELIZABETH ARDEN, INC.'S MOTION TO DISMISS

BRICKER & ECKLER, LLP
Joseph R. Dreitler (Admitted *pro hac vice*)
Mary R. True (Admitted *pro hac vice*)
100 S. 3rd Street
Columbus, Ohio 43215
Telephone: (614) 227-2300
jdreitler@bricker.com
mtrue@bricker.com

-and-

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
David Donahue
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-5900
ddonahue@fzlz.com

*Attorneys for Defendant*
*Elizabeth Arden, Inc.*

Defendant Elizabeth Arden, Inc., d/b/a "EA Fragrances Co." ("EA") hereby submits its memorandum of law in support of its motion to dismiss the claims asserted by plaintiff Oscar De La Renta, Ltd. ("ODLR") pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), on the grounds that ODLR assigned all of its trademark rights to an unrelated third party more than thirty years ago, such that: (i) ODLR is not the owner of the trademarks it seeks to "enforce" and, consequently, has no standing to assert that such marks have been infringed or diluted by EA; (ii) ODLR has no common law rights in "Oscar De La Renta" or any variation thereof for fragrances, and cannot state a claim for unfair competition under Section 43(a) or New York state law; and (iii) ODLR cannot demonstrate that EA has done anything to impair any legitimate commercial interest of ODLR or cause customer confusion. For the reasons set forth herein, EA respectfully requests this Court to dismiss ODLR's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.      **INTRODUCTION**

ODLR is not the registered owner of any trademark registrations of the Oscar De La Renta name for fragrances, nor does it own any common law rights in the name for fragrances, and hasn't for at least the past thirty-one (31) years. Nevertheless, it now seeks to create such rights out of whole cloth, to have this Court recognize nonexistent trademark rights and enforce them against EA – a longstanding customer of YSL Beauté, which is the actual owner of the trademarks at issue. But a closer reading of the Complaint and the License Agreement that underlies it reveals that this lawsuit is nothing more than a contract dispute between ODLR and YSL Beauté. Putting aside the purely pretextual nature of the Complaint,[1] it unquestionably fails to state legally sufficient Lanham Act claims against EA, and should be dismissed.

---

[1] The real reasons for this lawsuit are outlined in the Memorandum of Law in Support of the Motion to Intervene of YSL Beaute. (Dkt. 6.)

**II.     FACTS**

The trademark registrations for fragrances that ODLR pleads in its complaint, U.S. Trademark Registration Nos. 1,084,451 and 1,085,216, are not owned by ODLR. The Registrant of these marks is a totally unrelated entity, YSL Beauté. *See* printouts from the U.S. Patent & Trademark Office website showing title to the registrations attached as Exhibit 7 to Declaration of Louis S. Ederer in Support of YSL Beauté's Motion to Intervene and Motion to Stay Litigation Pending Arbitration ("Ederer Decl."). (Dkt. 7). YSL Beauté is the successor-in-interest to Perfumes Stern, Inc., which has been the exclusive licensee of the Oscar De La Renta trademark for fragrances and related products under a license agreement, dated as of August 18, 1977 and attached as Exhibit A to the Complaint (the "License Agreement").[2] The License Agreement grants YSL Beauté the exclusive right to manufacture, promote and sell fragrances bearing the Oscar De La Renta name and recognizes that ODLR has no right to prosecute any type of action for trademark infringement in its own name. *See* License Agreement at ¶¶ 1, 3(a). Thus, for the past thirty years, YSL Beauté and its predecessors have had the sole responsibility and right to sell ODLR fragrance products in the United States, develop ODLR fragrance promotional materials, plan and execute promotional and publicity events, develop product packaging for ODLR fragrance products and protect the ODLR trademark. *See* Ederer Decl. at Ex. 11. Conversely, not only is Plaintiff not the owner of the ODLR trademarks for fragrances, it does not have the legal right to manufacture, distribute or sell ODLR fragrances. Rather,

---

[2]      On EA's motion to dismiss, the Complaint is "deemed to include" the License Agreement since it is attached as an exhibit. <u>De Jesus v. Sears, Roebuck & Co.</u>, 87 F.3d 65, 69 (2d Cir. 1996); <u>U.S. ex rel. Anti-Discrimination Center of Metro New York, Inc. v. Westchester County, New York</u>, 495 F. Supp. 2d 375, 384 (S.D.N.Y. 2007) (Cote, <u>J.</u>) (on motion to dismiss under Rule 12(b)(6), "a court may also consider any written instrument attached to the complaint as an exhibit").

2658681v2

ODLR's rights are strictly defined by the *contractual* terms of the License Agreement, pursuant to which it has received royalty payments for more than thirty years.

EA is and has been a customer of YSL Beauté and its predecessors for many years. It purchases legitimate Oscar De La Renta fragrance products directly from YSL Beauté, the owner of the Oscar De La Renta trademarks for fragrances, and repackages them for resale. *See* Ederer Decl. at Ex. 11. EA has no relationship with ODLR, it has never purchased fragrance products from ODLR and it pays no royalty payments to ODLR. Rather, it is a reseller of genuine goods acting under the authority of the owner of the marks. *See* Ederer Decl. at Ex. 10.

### III.    ARGUMENT

#### A.    ODLR has no Standing to Assert Claims for Trademark Infringement or Dilution under Sections 32 and 43(c) of the Lanham Act.

Only the "Registrant" of a federal trademark registration has the standing to sue for trademark infringement under Section 32 of the Lanham Act. 15 U.S.C.§ 1114(1); Berni v. International Gourmet Restaurants, Inc., 838 F.2d 642, 645-46 (2d Cir. 1988) ("Section 32 of the Lanham Act . . grants standing to assert a claim for trademark infringement solely to the 'registrant.'"); *see also* DEP Corp. v. Interstate Cigar Co., 622 F.2d 621, 623 (2d Cir. 1980). Likewise, standing to sue for dilution under Section 43 (c) is the exclusive right of "the owner of a famous mark." 15 U.S.C. § 1125(c). It is undisputed that ODLR is not the owner of the two federal trademark registrations cited in its Complaint, Nos. 1,084,451 and 1,085,216. Thus, its claims for trademark infringement and dilution under Sections 32 and 43(c) of the Lanham Act are legally insufficient and must be dismissed.[3]

---

[3] It is telling that in its Memorandum in Opposition to YSL Beauté's Motion to Intervene and Motion to Stay Litigation Pending Arbitration (Dkt. 16), ODLR devotes nearly one-third of its brief to arguing its purported trademark ownership rights *as a matter of contract interpretation.*

3

### B. ODLR does not have any rights in "Oscar De La Renta" or any variation thereof for fragrances, and cannot state a claim under Section 43(a).

The owner of a common law trademark may bring an action for infringement of common law rights under Section 43(a). However, the Second Circuit has recently held that before any inquiry can be made into the merits of a Section 43(a) claim, "a plaintiff must demonstrate its own right to use the mark or dress in question." ITC Ltd. v. Punchgini, Inc., 482 F.3d 135, 155 (2d Cir. 2007) (*citing* Planetary Motion, Inc. v. Techsplosion, Inc., 261 F.3d 1188, 1193 (11th Cir. 2001) (stating that plaintiff must show "that it had prior rights to the mark at issue" in order to prevail in a Section 43(a) claim)); P. Daussa Corp. v. Sutton Cosmetics (P. R.), Inc., 462 F.2d 134, 136 (2d Cir. 1972) ("To be entitled to relief, however, [plaintiff] must show not only confusing similarity, but priority of right over [defendant] to the use of the [plaintiff's] mark.").

ODLR owns no rights (prior or otherwise) in the Oscar De La Renta trademark for fragrances. It does not allege that it has ever used or sold any fragrance products under the Oscar De La Renta name, nor can it inasmuch as the rights to use this mark on fragrances belong exclusively to the owner of the mark, YSL Beauté. Indeed, ODLR is contractually barred under its agreement with YSL Beauté from making use of the Oscar De La Renta trademark on fragrances. License Agreement at ¶ 1. Because it is clear that ODLR cannot meet the threshold requirement for pursuing a claim under Section 43(a), its claim is legally insufficient and should be dismissed. *See, e.g.,* Nordco A.S. v. Ledes, 44 U.S.P.Q.2d 1220 (S.D.N.Y. 1997) ("Plaintiff lacks standing to bring action for infringement of 'Boxing Illustrated' trademark under Lanham Act's Sections 32 and 43, 15 U S C §§ 1114 and 1125, since plaintiff alleges that it owns trademark, but has produced no concrete evidence documenting trail of ownership from original owner of mark to itself, since plaintiff has failed to produce evidence demonstrating that it has

4

commercial interest in mark, and since, **absent evidence of either ownership or commercial interest in mark, plaintiff's claims must fail.**") (emphasis added).

### C. ODLR Cannot Demonstrate That EA Has Done Anything That Would Damage a Legitimate Commercial Interest of ODLR or Be Likely to Confuse Consumers

ODLR has also failed to plead any facts that would show that it may suffer "potential commercial or competitive injury" due to EA's actions. Piccoli A/S v. Calvin Klein Jeanswear Co., 19 F. Supp. 2d 29 157, 172 (S.D.N.Y. 1998). EA purchases genuine Oscar De La Renta fragrances directly from the owner of the Oscar De La Renta trademark for fragrances, YSL Beauté. "[A]s a general rule, trademark law does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner," Polymer Technology Corp. v. Mimran, 975 F.2d 58, 61 (2d Cir. 1992). *See also* Matrix Essentials v. Emporium Drug Mart, 988 F.2d 587, 590 (5th Cir. 1993); Shell Oil Co. v. Commercial Petroleum, Inc., 928 F.2d 104, 108 (4th Cir. 1991); NEC Electronics v. Cal Circuit ABCO , 810 F.2d 1506, 1509 (9th Cir.), *cert. denied*, 484 U.S. 851 (1987). In this case not only are the products "genuine", but they originate with and their sale by EA is authorized by the owner of the ODLR trademarks for fragrances. EA re-sells the products with the full knowledge and consent of YSL Beauté. *See* Ederer Decl. at Ex. 10. If EA was selling "unauthorized" Oscar De La Renta fragrances, it could – and no doubt would – be sued by the owner of the ODLR trademark for fragrances, YSL Beauté.

Moreover, ODLR does not allege that consumers are likely to be confused by any actions of EA – nor can it, since the products sold by EA originate with the owner of the Oscar De La Renta trademark for fragrances. "[W]hen the products are genuine – that is, identical and from the same origin – there is nothing that really would confuse consumers, at least nothing that the

5

Lanham Act deems protectable, and the requisite consumer confusion cannot be demonstrated." John Paul Mitchell Systems v. Pete-N-Larry's Inc., 862 F. Supp. 1020, 1027 (W.D.N.Y. 1994). *See also* Monte Carlo Shirt, Inc. v. Daewoo International (America) Corp., 707 F.2d 1054, 1057-58 (9th Cir. 1983).[4]

Finally, ODLR repeatedly uses the euphemism "unauthorized product" throughout its complaint to refer to the Oscar De La Renta fragrances sold by EA. However, the term "unauthorized product" does not appear in the Lanham Act. Thus, this begs the question: because ODLR is not the Registrant, and the Lanham Act only protects the "Registrant" (15 U.S.C. 1114) from third party "infringements", how is ODLR in a position to claim that sales by EA (or anyone else) of Oscar De La Renta fragrance products are "unauthorized"? It cannot, and ODLR is left trying to convince this Court to ignore the language of the Act it seeks to enforce by referring to genuine product authorized by the trademark owner as "unauthorized".

## IV. CONCLUSION

ODLR has not (and cannot) claim ownership of the ODLR marks for fragrances, and has not alleged any impairment to its legitimate commercial interests or any consumer confusion resulting from EA's authorized sales of genuine Oscar De La Renta fragrance products. Clearly, the allegations in the Complaint against EA amount to nothing more than allegations that YSL Beauté has breached its license agreement – a dispute the parties to that agreement contractually

---

[4] More importantly, whether this case is dismissed now or EA is required to Answer, file a third-party complaint against YSL Beauté and then promptly file a Motion for summary judgment, the result will ultimately be the same, albeit the Court and the parties will waste time and money getting there. So long as EA purchases genuine Oscar De La Renta fragrances from the Registrant – YSL Beauté – ODLR has absolutely no chance to prove the required element for trademark infringement or unfair competition: that there is a likelihood of confusion among consumers. There is not a single case in the 62-year history of the Lanham Act where a court has found that genuine product being sold with permission of the trademark owner can cause a likelihood of confusion among consumers.

agreed would be resolved via arbitration.[5]  *See* License Agreement at ¶ 22.  It is egregious that ODLR has sued EA, which is selling authentic and legitimate Oscar De La Renta fragrances obtained from the trademark owner.  Moreover, it legally fails the red face test for ODLR to base Lanham Act and related state claims against a totally unrelated third party solely on a purported breach of a license agreement to which EA is not a party.  And finally, it is a waste of judicial resources for ODLR to come into this Court on the pretext of protecting its illusory trademark rights for perfume when all it is really doing is attempting an end run around the clear and unambiguous mandatory arbitration provisions of its thirty-one year-old License Agreement with YSL Beauté and its predecessors.

For all the foregoing reasons, EA respectfully requests this Court to dismiss ODLR's Lanham Act claims, decline to exercise its supplemental jurisdiction over ODLR's state law claims, pursuant to 28 U.S.C. § 1367(c)(3), and dismiss the Complaint in its entirety.

Respectfully submitted,

Dated:  August 11, 2008

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

BRICKER & ECKLER, LLP
Joseph R. Dreitler (Admitted *pro hac vice*)
Mary R. True (Admitted *pro hac vice*)
100 S. 3rd Street
Columbus, Ohio 43215
Telephone:  (614) 227-2300
jdreitler@bricker.com
mtrue@bricker.com

By:   s/David Donahue/
        David Donahue

886 United Nations Plaza
New York, New York 10017
Telephone:  (212) 813-5900
ddonahue@fzlz.com

*Attorneys for Defendant Elizabeth Arden, Inc.*

---

[5]  If the Court decides not to grant EA's Motion to Dismiss, EA submits that it would be appropriate for this Court to stay this litigation until the contract dispute between ODLR and YSL Beauté is resolved via arbitration.  Accordingly, EA supports YSL Beauté's Motion to Stay Litigation Pending Arbitration.  (Dkt. 5.)

2658681v2