UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSCAR DE LA RENTA, LTD.,<br><br>                              Plaintiff,<br><br>-against-<br><br>ELIZABETH ARDEN, INC., d/b/a "EA FRAGRANCES CO.",<br><br>                              Defendant.<br><br>YSL BEAUTÉ, INC.<br><br>                              Intervenor-Defendant-Counterclaim-Plaintiff,<br><br>-against-<br><br>OSCAR DE LA RENTA, LTD.,<br><br>                              Counterclaim-Defendant. | 08 CIV 5785 (DLC) |

**ANSWER AND COUNTERCLAIM OF INTERVENOR-DEFENDANT-COUNTERCLAIM-PLAINTIFF YSL BEAUTÉ, INC.**

Intervenor-Defendant-Counterclaim-Plaintiff, YSL Beauté, Inc. ("YSL Beauté"), by its counsel, as and for its Answer and Counterclaim to the Complaint of Plaintiff, Oscar de la Renta, Ltd. ("ODLR"), alleges as follows:

1.      YSL Beauté denies the allegations contained in paragraph 1 of the Complaint, except admits that ODLR purports to bring this action under the statutory provisions and legal principles set forth therein.

1

2. YSL Beauté admits upon information and belief the allegations contained in paragraph 2 of the Complaint.

3. YSL Beauté denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. YSL Beauté denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. In answer to paragraph 5 of the Complaint, YSL Beauté admits that ODLR purports to base the jurisdiction of the Court upon the cited statutory provisions, but alleges that this action, and all claims asserted therein, are subject to arbitration between YSL Beauté and ODLR.

6. In response to paragraph 6 of the Complaint, YSL Beauté asserts that the dispute underlying this action is subject to arbitration, but alleges that, if jurisdiction were proper in this Court, then venue would be proper in this Court.

7. YSL Beauté denies the allegations contained in paragraph 7 of the Complaint.

8. YSL Beauté admits upon information and belief the allegations contained in paragraph 8 of the Complaint.

9. YSL Beauté admits the allegations contained in paragraph 9 of the Complaint, except alleges that YSL Beauté is the registered owner of U.S. trademark registrations for certain ODLR Marks, and that YSL Beauté has rights with respect to and arising out of those trademarks and the License Agreement annexed as Exhibit A to the Complaint.

10. Paragraph 10 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, YSL Beauté denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. YSL Beauté admits the allegations contained in paragraph 11 of the Complaint.

12. YSL Beauté admits the allegations contained in paragraph 12 of the Complaint.

13. YSL Beauté denies the allegations contained in paragraph 13 of the Complaint.

14. YSL Beauté denies the allegations contained in paragraph 14 of the Complaint.

15. YSL Beauté denies the allegations contained in paragraph 15 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning what ODLR discovered and when.

16. YSL Beauté denies the allegations contained in paragraph 16 of the Complaint, except respectfully refers the Court to Exhibits D and E for the contents thereof.

17. YSL Beauté denies the allegations contained in paragraph 17 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations concerning what ODLR may or may not have expressly authorized.

18. YSL Beauté denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. YSL Beauté denies the allegations contained in paragraph 19 of the Complaint.

20. YSL Beauté denies the allegations contained in paragraph 20 of the Complaint, except admits that ODLR sent a letter to Defendant on January 18, 2008, and respectfully refers the Court to that letter for the complete and accurate terms thereof.

21. YSL Beauté denies the allegations contained in paragraph 21 of the Complaint, except admits that Defendant sent a letter to ODLR on January 28, 2008, and respectfully refers the Court to that letter for the complete and accurate terms thereof.

22. YSL Beauté denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. YSL Beauté denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, except respectfully refers the Court to Exhibit F for the contents thereof.

24. YSL Beauté denies the allegations contained in paragraph 24 of the Complaint.

25. YSL Beauté denies the allegations contained in paragraph 25 of the Complaint.

26. YSL Beauté denies the allegations contained in paragraph 26 of the Complaint.

## IN ANSWER TO FIRST CAUSE OF ACTION

27. In answer to paragraph 27 of the Complaint, YSL Beauté repeats and realleges paragraphs 1 through 26 above.

28. YSL Beauté denies the allegations contained in paragraph 28 of the Complaint.

29. YSL Beauté denies the allegations contained in paragraph 29 of the Complaint.

30. YSL Beauté denies the allegations contained in paragraph 30 of the Complaint.

31. YSL Beauté denies the allegations contained in paragraph 31 of the Complaint.

## IN ANSWER TO SECOND CAUSE OF ACTION

32. In answer to paragraph 32 of the Complaint, YSL Beauté repeats and realleges paragraphs 1 through 26 above.

33. YSL Beauté denies the allegations contained in paragraph 33 of the Complaint.

34. YSL Beauté denies the allegations contained in paragraph 34 of the Complaint.

35. YSL Beauté denies the allegations contained in paragraph 35 of the Complaint.

36. YSL Beauté denies the allegations contained in paragraph 36 of the Complaint.

## IN ANSWER TO THIRD CAUSE OF ACTION

37. In answer to paragraph 37 of the Complaint, YSL Beauté repeats and realleges paragraphs 1 through 26 above.

38.     YSL Beauté denies the allegations contained in paragraph 38 of the Complaint, except admits that the ODLR Marks are famous and distinctive and have been so for many years.

39.     YSL Beauté denies the allegations contained in paragraph 39 of the Complaint.

40.     YSL Beauté denies the allegations contained in paragraph 40 of the Complaint.

41.     YSL Beauté denies the allegations contained in paragraph 41 of the Complaint.

42.     YSL Beauté denies the allegations contained in paragraph 42 of the Complaint.

## IN ANSWER TO FOURTH CAUSE OF ACTION

43.     In answer to paragraph 43 of the Complaint, YSL Beauté repeats and realleges paragraphs 1 through 26 and 38 above.

44.     YSL Beauté denies the allegations contained in paragraph 44 of the Complaint.

45.     YSL Beauté denies the allegations contained in paragraph 45 of the Complaint.

46.     YSL Beauté denies the allegations contained in paragraph 46 of the Complaint.

47.     YSL Beauté denies the allegations contained in paragraph 47 of the Complaint.

## IN ANSWER TO FIFTH CAUSE OF ACTION

48.     In answer to paragraph 48 of the Complaint, YSL Beauté repeats and realleges paragraphs 1 through 26 above.

49.     YSL Beauté denies the allegations contained in paragraph 49 of the Complaint.

50.     YSL Beauté denies the allegations contained in paragraph 50 of the Complaint.

51.     YSL Beauté denies the allegations contained in paragraph 51 of the Complaint.

52.     YSL Beauté denies the allegations contained in paragraph 52 of the Complaint.

53.     YSL Beauté denies each and every allegation contained in the Complaint, except as expressly admitted herein.

## DEFENSES

### FIRST DEFENSE

54. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

55. The causes of action alleged in the Complaint are arbitrable as between YSL Beauté and ODLR, and are the subject of a pending arbitration between YSL Beauté and ODLR. Thus, such causes of action should be heard in arbitration, and not in this Court.

### THIRD DEFENSE

56. Plaintiff's causes of action are barred by the doctrines of waiver and/or estoppel.

## COUNTERCLAIM
(for Preliminary and Permanent Injunctive Relief)

### Parties

57. Intervenor-Defendant-Counterclaim-Plaintiff YSL Beauté is a domestic corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 3 East 57th Street, New York, New York 10022-2557. YSL Beauté sells and distributes OSCAR DE LA RENTA brand fragrances, for which YSL Beauté holds the exclusive worldwide license.

58. Upon information and belief, ODLR is a domestic corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 550 Seventh Avenue, New York, New York 10018-3207.

### Background Facts

59. On November 27, 1981, Parfums Stern Inc. (which is a predecessor to YSL Beauté) and ODLR executed a license agreement, dated as of August 18, 1977 (the "License Agreement"), which granted to Parfums Stern Inc. the exclusive license in the U.S., Canada and

France to use the OSCAR DE LA RENTA trademarks (the "ODLR Marks") in the manufacture, promotion and sale of fragrances and other ancillary products. A copy of the License Agreement is annexed as Exhibit A to the Complaint.

60. Following an acquisition of Sanofi Beauté, Inc. in 1999 by an affiliate company of YSL Beauté, the corporate name of Sanofi Beauté, Inc. was changed to YSL Beauté, Inc. in May 2000, and thereafter YSL Beauté continued to operate under the License Agreement.

61. In addition to granting a worldwide license to use the ODLR Marks in the United States, as part of the License Agreement, ODLR actually assigned its trademark rights and registrations for the ODLR Marks in the fragrance and cosmetic products category to Parfums Stern. Parfums Stern and its successors, including YSL Beauté, have been and continue to be the owners of all right, title and interest, in the U.S., in and to the ODLR Marks in the fragrance cosmetic products category. Currently, YSL Beauté is the registered owner, in the U.S. Patent and Trademark Office, of five trademark registrations for OSCAR DE LA RENTA marks used by YSL Beauté on fragrance products it sells and distributes, as follows:

| U.S. Trademark Reg. No. | Mark |
|---|---|
| 1,081,451 | OSCAR |
| 1,085,216 | OSCAR DE LA RENTA |
| 1,886,850 | OSCAR DE LA RENTA |
| 2,199,080 | DE LA RENTA |
| 2,209,603 | SO DE LA RENTA |

62. The License Agreement provides in Section 22 for binding arbitration of any dispute between the parties relating to the Agreement: "Any controversy or claim arising out of,

7

in connection with, or relating to, this agreement or the breach or performance thereof, shall be determined by arbitration at the office of the American Arbitration Association in the City of New York in accordance with the rules, then obtaining, of the American Arbitration Association. ...."

63. The License Agreement provides in Section 3 for YSL Beauté to advise ODLR to bring suit or take action with respect to acts of trademark infringement relating to the ODLR Marks by others, if YSL Beauté reasonably believes that infringement has occurred. Any such suit under Section 3 would be brought in the name of YSL Beauté. The License Agreement nowhere provides that ODLR may commence a lawsuit for infringement of the ODLR Marks in its own name or at its own instance.

64. By letter dated January 31, 2008, counsel for ODLR provided written notice to YSL Beauté concerning YSL Beauté's alleged violations of provisions of the License Agreement relating to the sale by Defendant Elizabeth Arden, Inc. ("EA"), a customer of YSL Beauté, of purportedly unauthorized ODLR brand fragrance products. Among other things, ODLR took issue with the outer packaging EA was using for such products, and took the position that the sale by YSL Beauté of the said ODLR brand fragrance products to EA was not authorized by ODLR. These issues are the very same issues that are addressed in paragraphs 20 and 21 of the Complaint.

65. On February 5, 2008, YSL Beauté responded to ODLR's January 31 letter. In its February 5 letter, YSL Beauté took issue with the fact that ODLR had directly threatened to sue YSL Beauté's customer, Defendant EA, for trademark infringement, and demanded that, "if [ODLR] has any further issues concerning the activities of EA or any of its customers with

respect to [ODLR] products, that you contact us directly, as these are matters to be taken up directly between YSL Beauté and ODLR."

66.  Thereafter, on February 8, 2008, ODLR responded to YSL Beauté that "ODLR will look solely to YSL Beauté for any and all remedies to which ODLR may be entitled as a result of any unlawful actions of EA and will not communicate further with EA regarding this matter."

67.  On June 10, 2008, YSL Beauté served and filed a Demand for Arbitration against ODLR before the American Arbitration Association, pursuant to Section 22 of the License Agreement, requesting a declaration that YSL Beauté was not in breach of the License Agreement. A formal Statement of Claim subsequently was served upon ODLR and filed with the AAA on July 1, 2008. The causes of action alleged by ODLR against EA in this action are subsumed within the arbitration proceeding currently pending before the AAA.

68.  Notwithstanding ODLR's prior agreement that it would not communicate further with EA regarding its sale of ODLR fragrance products, and would look solely to YSL Beauté for any and all remedies to which ODLR may be entitled; notwithstanding YSL Beauté's ownership and registration of the ODLR trademarks at issue in this action; and notwithstanding the provisions of Section 3 of the License Agreement, ODLR filed the Complaint in this action in its own name against Defendant EA, alleging that Defendant EA had engaged in the unauthorized sale of ODLR fragrance products, and in acts of trademark and trade dress infringement.

69.  The issues to be determined in the AAA arbitration are the same issues that this Court would need to resolve in this action. Among such issues are (a) whether EA is selling or has sold products not authorized by ODLR; (b) whether any products sold by EA infringe any

alleged trademark or trade dress rights of ODLR; (c) whether, by suing Defendant EA for trademark and trade dress infringement, ODLR has breached Section 3 of the License Agreement by initiating a lawsuit in its own name and at its own instance, when YSL Beauté is the owner of such rights and has the contracted right to maintain such suit; and (d) whether ODLR has violated its undertaking, in its February 8, 2008 letter, that "ODLR will look solely to YSL Beauté for any and all remedies to which ODLR may be entitled as a result of any unlawful actions of EA and will not communicate further with EA regarding this matter." Under Section 22 of the License Agreement, these and other issues must be decided by the arbitrators and not by this Court.

## Relief Sought

70.     The Federal Arbitration Act provides in relevant part as follows: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

71.     The causes of action alleged by Plaintiff ODLR in this action are referable to arbitration under Section 22 of the License Agreement that is annexed as Exhibit A to the Complaint.

72.     By reason of the foregoing, YSL Beauté is entitled to a preliminary and permanent stay of this action in favor of the AAA arbitration currently pending between YSL Beauté and Plaintiff ODLR.

WHEREFORE, Intervenor-Defendant-Counterclaim-Plaintiff YSL Beauté prays for the entry of judgment as follows:

a.      For a judgment dismissing this action in its entirety;

b.      On YSL Beauté's Counterclaim, for an order staying this action in favor of the AAA arbitration that is pending between YSL Beauté and Plaintiff ODLR;

c.      For an award of reasonable attorneys' fees and costs incurred in this action; and

d.      Any other and further relief that the Court may deem just and proper.

Dated:  New York, New York
        August 22, 2008

Respectfully submitted,

ARNOLD & PORTER LLP

By: _____
    Louis S. Ederer   (LE 7574)
Stewart D. Aaron
399 Park Avenue
New York, NY 10022
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
louis.ederer@aporter.com
stewart.aaron@aporter.com

*Attorneys for Intervenor-Defendant-Counterclaim-Plaintiff YSL Beauté, Inc.*